**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 08:41 AM March 29, 2016**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| MARIE E. MAGGIORE, | ) | CASE NO. 16-60234 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

      This case is before the court on Debtor's Motion for Clarification, filed on March 9, 2016, and the objection and motion to strike filed by David Leonard ("Landlord"), Debtor's former landlord. The court scheduled a hearing on March 23, 2016. Debtor moved to continue the hearing based on ill health, which the court granted. The court did not reschedule the hearing, instead choosing to issue a notice that allowed the parties to request an oral hearing or, if no request was made, to allow the court to decide the issue on the papers. Although both parties filed additional papers,[1] neither contained a request for a hearing.

      The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334. It is a statutorily core proceeding under 28 U.S.C. § 157 and the court has authority to make final entries. Venue in this district is appropriate under 11 U.S.C. § 1409.

---

[1] Debtor's supplemental pleading, filed on March 25, 2016, is titled "Motion in Responce (sic) 101A 101B Matter." Since no additional relief is sought, the court treats it as a response, not a motion.

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

When Debtor filed her case, Landlord had a judgment for possession of the rental premises occupied by Debtor. The set out of Debtor's belongings was scheduled for February 16, 2016.

On February 16, 2016, Debtor filed a chapter 7 petition through her power of attorney, Clayton Smith. In response to question 11 of the petition, she made contra-indications concerning her residence. First, she stated that she did not rent her residence, but then indicated that her landlord had a judgment for eviction against her. She filed Form 101A but both certifications were blank. She did not pay any rent due when she filed the petition and Form 101A. She also filed Form 101B with the petition, certifying that she has a right under nonbankruptcy law to "stay in my residence by paying my landlord the entire delinquent amount" and that she has paid the entire amount owed.

Shortly after filing the petition, and while her belongings were being set out on the curb in the snow by Landlord, Debtor filed a "Motion to Enforce" the automatic stay. The court denied the motion.

Debtor filed an amended Form 101A on February 17, 2016. It is not clear who signed this form but both certifications are marked. Debtor also presented a money order for $500 payable to Landlord to the clerk. The clerk transmitted the money order to Landlord. Debtor's amended filing included copies of documents from the municipal court that demonstrate the original rent payment was $2,000 per month and changed to $1,000 per month under a supplemental lease agreement. Rent payments were due on the first day of the month.

On March 9, 2016, Debtor filed a motion for clarification concerning the automatic stay, asking the court to declare when the stay "starts" after filing the amended form on February 17, 2016. Landlord objected to the motion and moved to strike Debtor's Forms 101A and 101B. Debtor also filed, on March 14, 2016, an amended Form 101B. In this iteration, she does not certify that she has the right to stay in her residence but does state she has paid the entire amount owed under the eviction judgment.

Based on a filing dated March 15, 2016 by the chapter 7 trustee, Lisa M. Barbacci ("Trustee"), the $500 money order paid by Debtor to Landlord was never cashed. On February 25, 2016, counsel for Landlord forwarded the money order to Trustee, advising the eviction was completed on February 16, 2016 and that the $500 represented only a portion of the monthly rent. Trustee then forwarded the money order to Debtor.

Debtor has not filed a change of address form with the court. Her address of record

remains 6105 Cedar Lane NW, Canton, Ohio 44708.

**DISCUSSION**

Pursuant to 11 U.S.C. § 362(a)(3), the filing of a bankruptcy petition "operates as a stay . . . of . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Exceptions to the automatic stay are found in § 362(b). Under § 362(b)(22), the filing of a petition does not stay an eviction proceeding where "the lessor has obtained before the date of the filing of the bankruptcy petition[] a judgment for possession of such property." However, an exception to § 362(b)(22) is found in § 362(*l*) which outlines a procedure that may permit a debtor to obtain a stay when one does not arise automatically.

Section 362(*l*) is two-fold. In the first step, the statute contemplates a temporary, thirty day stay. It requires the debtor to certify that nonbankruptcy law allows the debtor to cure the default underlying the judgment for possession and requires the debtor to pay, with the filing of the petition, the full monthly rent due in the thirty days after the bankruptcy petition is filed. 11 U.S.C. § 362(*l*)(1). Official Form 101A advances this step.

In a pleading filed on March 25, 2016, Debtor argues that she was not required to pay anything to the court because there was no monetary judgment issued with the judgment for possession. According to Debtor, Landlord obtained a monetary judgment in a separate action on a cognovit note for amounts due and she suggests that the separation of these two matters insulates her from payment. She misunderstands the import of the bankruptcy code and the nature of a forcible entry and detainer action.

The bankruptcy code does not require a monetary *judgment*. Section 362(*l*) references the "monetary *default* that gave rise to the judgment for possession." 11 U.S.C. § 362(*l*)(1)(A) and 362(*l*)(2) (emphasis added). A judgment for possession concerns who is entitled to possession. It is not about money, per se. While the underlying determination may depend on amounts owed, a judgment for possession does not always go hand in hand with a monetary judgment. For example, under O.R.C. § 1923.081, if a forcible entry and detainer action goes to trial, the trial *may* include issues regarding past due rent and damages. (emphasis added) Similarly, when a judge finds a forcible entry and detainer complaint is true, he "shall render a general judgment against the defendant, in favor of the plaintiff, for restitution of the premises and costs of the suit." O.R.C. § 1939.09 (A). Here, the judgment for possession was clearly issued as a result of nonpayment of rent, as evidenced by the magistrate's findings issued on January 14, 2016, which were adopted and confirmed by the Massillon Municipal Court on January 19, 2016. Consequently, there was a monetary default underlying the judgment for possession and Debtor's position is not well-taken.

Regardless, Debtor did not satisfy the requirements for the temporary, thirty day stay. To start, the Form 101A filed with the petition did not contain any certifications. Contrary to

3

Debtor's position, both boxes next to the certifications were blank.  Under § 362(*l*)(4)(A), the failure to make the certifications means "subsection (b)(22) shall apply immediately . . . and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property . . . ."  Further, Debtor did not make a deposit of rent with the clerk, thereby failing to satisfy § 362(*l*)(1)(B).  Accordingly, the clerk made the following entry on the docket:

> The debtor has indicated on the petition filed Tuesday, February 16, 2016, that there was a judgment for possession of the residential rental property in which the debtor resides.  No deposit for the rent that would be due was given the bankruptcy court clerk.  No certification under 11 U.S.C. Section 362(*l*)(1) or (2) was filed.  In the absence of a filed certification, the exception to the stay under 11 U.S.C. Section 362(b)(22) is applicable.

11 U.S.C. § 362(b)(4)(B).

Debtor's failure to comply with the statutory requirements made the exception in § 362(b)(22) applicable.  Consequently, Landlord's set out on February 16, 2016 did not violate a bankruptcy stay.

The day *after* filing her bankruptcy case, Debtor amended her Form 101A and provided a $500 money order payable to Landlord, presumably in an attempt to invoke a stay of the eviction proceeding.  Several obstructions constrain the court from recognizing a temporary stay on these facts.  One, Debtor has offered no support or argument that the bankruptcy code, rules or other authority allow her to use § 362(*l*) to invoke a stay after the petition is filed.  Two, to the court's understanding, the eviction proceedings were completed on February 16, 2016, leaving nothing to stay as of the date of the amended Form 101A.  Three, it requires the court to assume that nonbankruptcy law would allow her to cure the default underlying the eviction judgment after she was dispossessed of the property.  Four, Debtor's $500 money order did not pay the full amount of rent that would be due in the thirty day period after the petition was filed.  By Debtor's own documentation attached to the amended Form 101A, the rent was at least $1,000 per month, due on the first of the month.  Debtor's amended Form 101A did nothing to alter the course of events, nor create a stay.

Debtor persisted in her efforts.  On March 9, 2016, Debtor filed a Motion for Clarification, asking the court to determine when the stay started after the amended form was filed.  As outlined above, no stay was in effect.  Five days later, she amended her Form 101B. This form advances the second step of § 362(*l*), aimed at allowing a debtor to retain possession of the rental premises.  In this case, Debtor had lost possession.

Even if that could be overlooked, Debtor once again failed to meet the procedural requirements of the second step.  11 U.S.C. § 362(*l*)(2).  The two steps in § 362(*l*) are cumulative, and relief under § 362(*l*)(2) is premised on compliance with § 362(*l*)(1).  Debtor's

4

failure to fulfill the first requirements is fatal to additional relief in § 362(*l*)(2). Regardless, Debtor did not meet the other requirements of § 362(*l*)(2), which requires additional certifications and payment of "the entire monetary default that gave rise to the judgment . . . ." Debtor's amended Form 101B does not have the first certification marked. Even if it were marked, Landlord disputes that there is any nonbankruptcy law that would allow Debtor to cure the monetary default. As for the second certification, Landlord disputes the accuracy of the certification. His objection states that "[a]bsolutely no funds were enclosed by Debtor . . . [n]or at any other time has Debtor paid to [Landlord] the funds that are alleged in Debtor Form 101B." Debtor has not provided any proof of payment to the court. Based on her petition, she had no savings or assets to make such a payment. Her only income is $1,128 per month in social security.[2]

The burden was clearly on Debtor to establish imposition of a stay under 11 U.S.C. § 362(*l*). The court cannot conclude that she met her burden. As a result, pursuant to 11 U.S.C. § 362(b)(22), no stay was ever in place with regard to the eviction action. Landlord's objections to Forms 101A and 101B will be sustained pursuant to 11 U.S.C. § 362(*l*)(3(B). The court finds no basis to strike the forms and Landlord's request to strike the forms is **DENIED**.

An order will enter immediately. It is so ordered.

#   #   #

**Service List:**

Marie E Maggiore
6105 Cedar Ln NW
Canton, OH 44708

Marie Maggiore by email at proofseal1@gmail.com

Lisa M. Barbacci
PO Box 1299
Medina, OH 44258-1299

John M. Herrnstein
Robert W. Heydorn
Hoover, Heydorn & Herrnstein Co., LPA
527 Portage Trail
Cuyahoga Falls, OH   44221

---

2  Schedule I appears to contain a mistake. Debtor listed her monthly social security benefit at $1,128 but the total income as $1,228. Her employee income records states her social security income is $1,128.